09-4911-ag
Yang v. Holder

BIA
Elstein, IJ
A098 718 421

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of October, two thousand ten.

PRESENT:
        DENNIS JACOBS,
            *Chief Judge,*
        JON O. NEWMAN,
        RALPH K. WINTER,
            *Circuit Judges.*

_____

SHIFENG YANG,
        *Petitioner,*

        v.                        09-4911-ag
                                     NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        G. Victoria Calle, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; Kerry A. Monaco, Attorney, Office of Immigration Litigation; United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Shifeng Yang, a native and citizen of the People's Republic of China, seeks review of an October 30, 2009, decision of the BIA affirming the January 28, 2008, decision of Immigration Judge ("IJ") Annette S. Elstein, which denied Yang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shifeng Yang,* No. A098 718 421 (BIA Oct. 30, 2009), *aff'g* No. A098 718 421 (Immig. Ct. N.Y. City Jan. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237(2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

The agency did not err in finding that, even if credible, Yang did not meet his burden of proof to establish his eligibility for asylum. The agency reasonably found that unfulfilled threats, which were the only individualized harm Yang alleged he had suffered, did not rise to the level of persecution. *See Ci Pan v. United States Atty General*, 449 F.3d 408, 412-13 (2d Cir. 2006). This is so, even when considered in conjunction with his father's alleged beating, because, as the IJ noted, Yang did not allege that this incident resulted in any injuries to his father or caused Yang any continuing harm. *See Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308 (2d Cir. 2007) ("the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer"); *see also Tao Jiang v. Gonzales*, 500 F.3d 137, 141-42 (2d Cir. 2007) (recognizing that the "harm suffered by family members in combination with other factors . . . would presumably only be [persecution] where . . . the applicant not only shares (or is perceived to share) the characteristic that motivated persecutors to harm the family members, but was also within the zone of risk when the family member was harmed, and

suffered some continuing hardship after the incident."). Therefore, the agency did not err in finding that Yang failed to demonstrate that he suffered past persecution and we need not review the agency's alternative determination that the harm he claimed to have suffered was not on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006).

In addition, by not briefing the claim in this Court, Yang forfeited any challenge to the agency's determination that he failed to demonstrate a well-founded fear of future persecution. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). Accordingly, we find no error in the agency's denial of Yang's application for asylum. *See* 8 C.F.R. § 1208.13(b)(1). Moreover, the agency did not err in denying his application for withholding of removal based on denial of his application for asylum because those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 155-56 (2d Cir. 2006).

Finally, Yang waives any challenge to the agency's denial of his application for CAT relief based on his illegal departure claim. *See Yueqing Zhang*, 426 F.3d 540 at 541 n.1, 545 n.7

-4-

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
